IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

AMIR MAXIMOUS, GERGES ISKANDAR,

Petitioners,

v.

PAMELA BONDI, *et al.*

Respondents.

3:26-CV-00451-CCW

## **ORDER**

Before the Court is Petitioners' Motion to Enforce this Court's March 24, 2026 Order, ECF No. 9. ECF No. 11. Petitioners are noncitizens detained at Moshannon Valley Processing Center in Philipsburg, Pennsylvania. ECF No. 1. In the Petition, Petitioners requested, *inter alia*, individualized bond hearings pursuant to 8 U.S.C. § 1226. *Id.* On March 24, 2026, the Court granted the writ of habeas corpus in part, ruled that Petitioners were subject to discretionary detention under 8 U.S.C. § 1226, and ordered Respondents to provide Petitioners with individualized bond hearings before an immigration judge ("IJ") within seven days. ECF No. 9. On March 30, 2026, Petitioners received separate bond hearings before IJs, who each determined Petitioners were flight risks and denied bond. ECF No. 11-1 at 2, 140.

On April 1, 2026, Petitioners filed a Motion to Enforce the March 24, 2026 Order. ECF No. 11. Petitioners argue the March 30, 2026 bond hearings violated Petitioners' Fifth Amendment due process rights because: (1) the written orders contain no factual findings or reasoning; (2) the written record consists solely of the summary determination via a pre-printed checkbox form; (3) IJs across the country have been replaced by individuals who do not exercise independent judgment. *See id.* at 5 ¶¶ 26–29, 9 ¶ 5. In response to Petitioners' Motion to Enforce,

Respondents argue the audio recordings of the March 30, 2026 bond hearings confirm that they complied with Petitioners' due process rights.  ECF No. 16 at 3–6.

As a threshold matter, federal courts "lack jurisdiction to review any discretionary determinations underlying the IJ's bond decision," and may only "review whether the bond hearing was fundamentally unfair" such that it violates the detainee's due process rights.  *Ghanem v. Warden Essex Cnty. Corr. Facility*, No. 21-1908, 2022 WL 574624, at *2 (3d Cir. Feb. 25, 2022); *see also Quinteros v. Warden Pike Cnty. Corr. Facility*, 784 F. App'x 75, 78 (3d Cir. 2019) ("Because we lack jurisdiction to review any discretionary determinations underlying the IJ's bond decision, we are limited to reviewing only those of [Appellant's] challenges that pertain to the adequacy of process he received at his bond hearing.").  The United States Court of Appeals for the Third Circuit has advised that a bond hearing under 8 U.S.C. § 1226 is "fundamentally fair," and thus satisfies due process, if three essential elements are present:  (1) factfinding based on a record produced before the decisionmaker and disclosed to the detainee;  (2) the detainee is allowed to make arguments on his or her behalf;  and (3) the IJ makes an individualized determination of the detainee's interests.  *Ghanem*, 2022 WL 574624 at *2;  *see also Quinteros*, 784 F. App'x at 78.  Accordingly, this Court's review of the March 30, 2026 bond hearings is limited to considering whether the hearings were fundamentally fair under *Ghanem.*

After reviewing audio recordings of the March 30, 2026 hearings, the Court concludes that the March 30, 2026 bond hearings were fundamentally fair.  First, the IJs' factfinding was based on a record produced before the IJs and disclosed to Petitioners.  *See* ECF No. 11 at 2–7.  Second, the IJs gave Petitioners the opportunity to present arguments as to why they are not flight risks. *Id*.  Finally, the IJs made individualized determinations of Petitioners' interests, ultimately determining that Petitioners were flight risks because of, *inter alia*, Petitioner Iskandar's lack of

family ties in the United States and Petitioner Maximous' failure to prove that he would report for removal if so ordered.  ECF No. 16 at 4–6.  Thus, the March 30, 2026 bond hearings had each of the essential elements of a fundamentally fair bond hearing and complied with Petitioners' due process rights.

Accordingly, IT IS HEREBY ORDERED that Petitioners' Motion to Enforce the Court's March 30, 2026 Order, ECF No. 11, IS DENIED.

DATED this 20th day of April, 2026.

BY THE COURT:

/s/ Christy Criswell Wiegand
CHRISTY CRISWELL WIEGAND
United States District Judge

cc (via ECF email notification):

All Counsel of Record

3